**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

EDUARDO R. PEREZ,

    Plaintiff,

v.

HARRELL WATTS; RAYMOND E. HOLT; SUZANNE R. HASTINGS; JOHN V. FLOURNOY; KEN HARRIS, JR.; and SAM KIRCHOFF,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-76

## **ORDER**

On December 31, 2015, this Court issued an Order that the United States Marshal serve Defendants Raymond E. Holt, Suzanne Hastings, John V. Flournoy, Ken Harris and Sam Kirchoff with a copy of Plaintiff's Complaint and a copy of this Order without prepayment of cost. (Doc. 9.) Because Defendants are employees of the United States sued in their individual and official capacities, the Court further **ORDERS** that the United States Marshal serve the United States in accordance with Federal Rule of Civil Procedure 4(i). Accordingly, in addition to service upon Defendants individually, a copy of the complaint and summons shall be delivered, in the manner prescribed by Rule 4(i) to the United States Attorney for the Southern District of Georgia (or the civil process clerk of the same), and the Attorney General of the United States at Washington, D.C.

Additionally, the Court inadvertently omitted Defendant Harrell Watts from its December 31, 2015 Order directing service by the United States Marshal. The Court finds that as with the other Defendants, Plaintiff has stated viable claims against Watts under Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971) and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb.[1]  Therefore, the United States Marshal is directed to effect service upon Defendant Watts.  A copy of Plaintiff's Complaint, the Order and Magistrate Judge's Report and Recommendation and a copy of this Order shall be served upon Defendant Watts by the United States Marshal without prepayment of cost.

**SO ORDERED**, this 4th day of January, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In its Report and Recommendation, the undersigned recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants, including Defendant Watts, in their official capacities. (Doc. 10.)  The Report and Recommendation further recommended that Plaintiff's Bivens claims for punitive and compensatory damages be dismissed as to all Defendants, including Defendant Watts. Id.  However, as set forth in the Order and Report and Recommendation, Plaintiff's RFRA claims for injunctive relief will proceed against all Defendants, including Defendant Watts, in their official capacities, and Plaintiff's RFRA claims for monetary damages and injunctive relief will proceed against Defendants, including Defendant Watts, in their individual capacities.  Moreover, Plaintiff's Bivens claims for injunctive relief will proceed against all Defendants, including Defendant Watts, in their official capacities, and his Bivens claims for nominal damages and injunctive relief will proceed against all Defendants, including Defendant Watts, in their individual capacities.