# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| EDUARDO PEREZ, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-76 |
| | * | |
| v. | * | |
| | * | |
| HARRELL WATTS, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are the Magistrate Judge's December 31, 2015, Report and Recommendation, dkt. no. 10, to which Plaintiff has filed Objections, dkt. no. 14, and Plaintiff's Motion to Amend the Complaint, dkt. no. 15. Plaintiff's Motion to Amend the Complaint is **GRANTED**. However, for the reasons set forth below, after an independent and *de novo* review of the record, including Plaintiff's Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge, as supplemented herein, is hereby **ADOPTED** as the opinion of the Court.

## BACKGROUND

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia, believes and practices the Santeria religion. Dkt. No. 1. Plaintiff alleges that Defendants have deprived him of the ability to practice his sincerely held religious beliefs. Id.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 10. The Magistrate Judge assessed Plaintiff's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Id. In the resulting Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities and dismiss Plaintiff's Bivens claims for punitive and compensatory damages. Id. at p. 5.

However, the Magistrate Judge found that Plaintiff's allegations arguably state colorable RFRA claims for injunctive relief against Defendants in their official capacities and for monetary damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 5-7. Additionally, the Magistrate Judge concluded that Plaintiff stated viable Bivens claims for injunctive relief against Defendants in their

official capacities and for nominal damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 8-12.

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on January 25, 2016. Dkt. No. 14. On that same date, Plaintiff also moved to amend his Complaint. Dkt. No. 15. Plaintiff attached his proposed Amended Complaint to his Motion. Dkt. No. 15-1.

## DISCUSSION

### I. Plaintiff's Motion to Amend his Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course" at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a). Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."). Accordingly, the fact that the Magistrate Judge has already conducted a frivolity review of Plaintiff's Complaint

and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend and hereby deems the Complaint amended. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed Amended Complaint, dkt. no. 15-1, on the docket of this case as Plaintiff's Amended Complaint.

## II. The Magistrate Judge's Report and Recommendation and Screening of Plaintiff's Amended Complaint

In the Report and Recommendation, the Magistrate Judge correctly stated and applied the law pertinent to the screening of Plaintiff's claims. The Court need not restate that analysis herein. However, Plaintiff has raised additional issues in his Amended Complaint and his Objections, which the Court addresses below.

### A. Bivens Claims for Compensatory and Punitive Damages

The Magistrate Judge concluded that Plaintiff stated cognizable claims that Defendants violated the RFRA and that, at this stage, Plaintiff's claims for both monetary damages and injunctive relief should proceed under the RFRA. Dkt. No. 10, pp. 5-7. The Magistrate Judge also concluded that Plaintiff's Bivens claims under the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment should survive frivolity review. Id. at pp. 8-10.

However, the Magistrate Judge recommended that the Court limit the damages available to Plaintiff on his Bivens claims. Specifically, the Magistrate Judge concluded that, because Plaintiff did not allege that he suffered any physical injury, 42 U.S.C. § 1997e(e) barred him from recovering any compensatory or punitive damages on his Bivens claims. Id. at pp. 10–12 (citing Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009)).

In his Objections to the Report and Recommendation, Plaintiff acknowledges that the Eleventh Circuit has interpreted Section 1997e(e) to preclude inmates from recovering compensatory and punitive damages for the violation of a constitutional right when they have not suffered physical injury. Dkt. No. 14, pp. 2–3. However, Plaintiff offers law from other Circuits on this point "to preserve the issue for *en banc* review by the Eleventh Circuit Court of Appeals or Certiorari review by the United States Supreme Court." Id. at pp. 3–7. This Court will follow binding Eleventh Circuit precedent, which Plaintiff acknowledges, and bar Plaintiff from recovering compensatory or punitive damages on his Bivens claims absent a showing of physical injury.

While Plaintiff acknowledges Section 1997e(e) and the Eleventh Circuit precedent in his Objections, he also attempts to dodge that authority through his Amended Complaint.

Plaintiff amended his claims to allege an "injury in fact." Dkt. No. 15-1, pp. 10-12. Specifically, Plaintiff alleged that, as a result of Defendants' infringement on his religious practices, he and the other inmates have been required to share cigars during their religious ceremony. Id. He claims that, due to sharing the cigar, he has contracted an unknown illness and has suffered "throat pain; troubling [sic] swallowing; sinuses; Body Aches; Headaches; Chronic fatigue." Id. at p. 10. He describes his ailments as "serious inhibition of the ability of Plaintiff to eat and chew hard foods, lack of ability to masticate without causing pain and suffering to the Plaintiff's throat; and the inability to engage in the normal life activities, including physical exercise, loss of nutrition deficiencies form [sic] inability to eat and chew." Id. Plaintiff contends that he suffered from these symptoms for over a month.

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir.2002). "The meaning of the phrase 'greater than *de minimis*,' however, is far from clear." Chatham v. Adcock, 334 F. App'x 281, 284 (11th Cir. 2009). Nonetheless, courts have repeatedly held that an illness of the type that

Plaintiff alleges in his Amended Complaint does not clear the Section 1997e(e) hurdle. See Jackson v. Hill, 569 F. App'x 697, 699 (11th Cir. 2014) (allegation that retaliation caused Plaintiff sleeplessness insufficient to state physical injury under Section 1997e(e)); Quinlan v. Personal Trans. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009)(pretrial detainee's complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than *de minimis* and, therefore, did not provide the necessary physical injury to recover for mental and emotional injuries); Adcock, 334 F. App'x at 281 (claims of nausea, nightmares, and increased blood pressure insufficient to satisfy Section 1997(e)); Johnson v. Runnels, No. 2:04-cv-776, 2013 WL 3940884 (E.D. Cal. July 30, 2013) (coughing, sneezing, severe headaches, body aches, and throat pain not more than *de minimis* injuries); Rainey v. Huertas, No. 12-cv-01434, 2013 WL 491925 (D. Col. Jan. 17, 2013) (weight loss due to inability to chew not an injury more than *de minimis*); Hall v. Plumber Official, No. 10-20814, 2011 WL 1979721, at *14 (S.D. Fla. Apr. 26, 2011) (plaintiff's allegations of dehydration, severe diarrhea, gastroesophogeal reflux disease, chest pain, abdominal pain, bleeding gums, plaque buildup, depression, and constant, severe, and unnecessary pain did not show an injury greater than *de minimis*); Sanchez v. United States, No. 10-21435, 2010 WL

3199878 (S.D. Fla. Aug. 6, 2010) (loss of appetite, loss of sleep, and gastrointestinal distress insufficient to state physical injury under Section 1997e(e)); Bryant v. Lafourche Parish Det. Ctr., No 09-7345, 2010 WL 1979789 (E.D. La. Apr. 23, 2010) (finding flu-like symptoms *de minimis* injuries and summarizing cases finding same); White v. Simpson, No. 3-04-cv-728, 2004 WL 2049306 * (N.D. Tex. Sept. 13, 2004) (suffering flu-like symptoms insufficient to state more than *de minimis* physical injury); Carnell v. Multnomah Cty., 141 F. Supp. 2d 1046, 1053-54 (D. Or. 2001) (allegations of foot fungus, nose sores, constipation, and winter cold amounted only to *de minimis* injuries precluding relief for compensatory damages). As these cases bear out, even accepting the facts stated in Plaintiff's Complaint and Amended Complaint as true, he has failed to allege a physical injury that is more than *de minimis*. Therefore, he cannot recover compensatory or punitive damages on his Bivens claims.

However, as Plaintiff correctly points out, the Eleventh Circuit has held that Courts should dismiss an inmate's punitive and compensatory damages claims under Section 1997e(e) without prejudice to allow an inmate to refile his claims when and if he is released. Harris v. Garner, 216 F. 3d 970, 980 (11th Cir. 2004). Accordingly, the Court will dismiss Plaintiff's Bivens claims for compensatory and punitive damages without prejudice.

## B. Claims Under the Federal Tort Claims Act

The Magistrate Judge recommended that the Court dismiss Plaintiff's official capacity claims for monetary damages. Dkt. No. 10, p. 5. In his Objections, Plaintiff stated that he is bringing claims under the Federal Tort Claims Act ("FTCA"), and that Defendants are not immune to those claims in their official capacities. Dkt. No. 14, pp. 1, 7.

The FTCA waives the federal government's sovereign immunity as to negligent or wrongful actions by its employees within the scope of their official duties, where a "private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the Eleventh Circuit has made clear that "constitutional claims are not cognizable under the FTCA's jurisdictional provision, and the United States is not liable for damages under the FTCA for suits arising out of constitutional violations." Treece v. Wilson, 212 F. App'x 948, 951 (11th Cir. 2007) (citing FDIC v. Meyer, 510 U.S. 471, 478 (1994); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir.2005); and Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001)); see also Trupei v. United States, 239 F. App'x 489, 493-94 (11th Cir. 2007) (pro se prisoner's Eighth Amendment claim was not cognizable under the FTCA). Here, Plaintiff's Complaint and Amended Complaint only assert constitutional claims. Indeed,

Plaintiff states in his Objections that his Complaint "is premised on Constitutional violations under the First Amendment and the Equal Protection Clause of the United States Constitution." Dkt. No. 14, p. 3. These claims are not cognizable under the FTCA.

Furthermore, there are exceptions to the FTCA's waiver of sovereign immunity, and, of import in this case, is 28 U.S.C. § 2680(a), or the discretionary function exception. The FTCA does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether . . . such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether . . . the discretion involved be abused.

28 U.S.C. § 2680(a). "If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction." Lambert v. United States, 198 F. App'x 835, 839 (11th Cir. 2006). A two-part test is used to determine whether the discretionary function exception applies, and thus, whether a cause of action against the United States is barred. First, "the nature of the conduct" is considered, and then it is determined "whether [the conduct] involves an element of judgment or choice." Cohen v. United States, 151 F.3d 1338, 1341 (11th Cir. 1998) (internal punctuation and citation

omitted). "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.'" Id. (quoting Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997)). Second, "if the conduct at issue involves the exercise of judgment, [a court] must determine whether that judgment is grounded in considerations of public policy." Id. "In making this determination, [courts] do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." Id. Instead, courts "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

In this case, Plaintiff takes issue with Defendant's judgment and choices on issues that are grounded in questions of public policy. Cf. Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998) (even if the Bureau of Prisons ("BOP") has "a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.") Accordingly, the discretionary function exception to the FTCA's

waiver of sovereign immunity precludes this Court from exercising jurisdiction over Plaintiff's FTCA claims.

Plaintiff's FTCA claims are also barred by the exception to the FTCA's waiver of sovereign immunity found at 28 U.S.C. § 1346(b)(2), or the physical injury exception. That subsection provides as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, mental or emotional injuries suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2). This statutory language mirrors, in large part, the physical injury requirement of 42 U.S.C. § 1997e(e). Therefore, the Court's above analysis of Plaintiff's claims under Section 1997e(e) applies with equal effect in this context. See Doe v. United States, No. CIV. 12-00640 ACK, 2014 WL 7272853, at *6 (D. Haw. Dec. 17, 2014) ("Given the similar language between §§ 1346(b)(2) and 1997e(e), the Court will rely upon cases interpreting either statute."); Michtavi v. United States, No. 4:07-CV-0628, 2009 WL 578535, at *5 n.2 (M.D. Pa. Mar. 4, 2009) (same). As explained above, even construing Plaintiff's Amended Complaint liberally, he fails to allege an adequate physical injury. Therefore, the physical injury exception provides yet another bar to Plaintiff's FTCA claims.

For all of these reasons, the Court dismisses Plaintiff's claims under the Federal Tort Claims Act.

C. **Eighth Amendment Claims**

Throughout his pleadings, Plaintiff cites the First and Fourteenth Amendments as the bases for his Constitutional claims. However, in his Amended Complaint, he also makes brief mention of the Eighth Amendment. Dkt. No. 15-1, p. 11. Thus, in an abundance of caution, the Court will assess whether Plaintiff states a viable claim for violation of the Eighth Amendment.

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347.

AO 72A
(Rev. 8/82)

However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319-20 (11th Cir. 2005)). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010). In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention.'" Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

Plaintiff alleges that Defendants have disregarded a risk to his health by purchasing the wrong cigar filters for use during his religious ceremonies. Dkt. No. 15-1, p. 11. Plaintiff states that he told Defendant Harris about the problem with the filters and that Defendant Harris refused to purchase new filters. Id. As a result, Plaintiff states he and other Santerian inmates have contracted the above-discussed unknown illness from sharing the cigars. Id.

Plaintiff fails to satisfy the objective component of an Eighth Amendment claim because he has not identified a sufficiently serious risk to his health or safety. His contracting an undiagnosed illness with symptoms akin to the common cold or the flu simply does not rise to the level of the wanton and unnecessary infliction of pain contemplated by the Eighth Amendment. Glenn v. Kitchen, No. CV 111-082, 2011 WL 6997637, at *5 (S.D. Ga. Dec. 13, 2011) ("A common cold is not a sufficiently serious medical need to give rise to an Eighth Amendment violation."); see also Allen v. Bedard, No. 2:13-CV-787-FTM-29, 2013 WL 6231233, at *4 (M.D. Fla. Dec. 2, 2013) (plaintiff's allegations of contaminated air supply, common cold, breathing problems, and blood loss insufficient to

implicate Eighth Amendment); Gaona v. Yates, No. 09cv-999-SKO PC, 2010 WL 2843163, at *3 (E.D. Cal. July 19, 2010) ("The risk of contracting flu-like symptoms is not the type of 'sufficiently serious,' wanton and unnecessary infliction of pain that is prohibited by the Eighth Amendment."); Cruz v. Schwarzenegger, No. 1:08-cv-352-OWW-SMS PC, 2008 WL 4330466, at *2 (E.D. Cal. Sept.19, 2008) ("The facts that there is a risk of developing Valley Fever if confined at Pleasant Valley State Prison and that Plaintiff contracted Valley Fever are insufficient to support a claim for violation of the Eighth Amendment. The risk of serious harm to Plaintiff's health or safety had to have been substantial").

Consequently, to the extent that Plaintiff attempts to assert claims for violation of his Eighth Amendment rights, the Court dismisses those claims for failure to state a claim.

## CONCLUSION

Having conducted a *de novo* review of the entire record, including Plaintiff's Amended Complaint and his Objections, the Court concurs with the Report and Recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims for monetary damages against Defendants in their official capacities. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's Bivens claims for

punitive and compensatory damages. Additionally, for the reasons stated above, the Court **DISMISSES** Plaintiff's Eighth Amendment claims, as well as his claims brought pursuant to the Federal Tort Claims Act. Plaintiff's <u>Bivens</u> and RFRA claims will proceed against Defendants in the manner set forth by the Magistrate Judge.

**SO ORDERED**, this 19 day of February, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)