# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

EDUARDO R. PEREZ,

    Plaintiff,

v.

HARRELL WATTS; RAYMOND E. HOLT; SUZANNE R. HASTINGS; JOHN V. FLOURNOY; KEN HARRIS, JR.; and SAM KIRCHOFF,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-76

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

For the reasons set forth below, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*. (Doc. 19.) Additionally, to the extent that Plaintiff seeks a certificate to pursue an interlocutory appeal, that request should also be **DENIED.**

### BACKGROUND

Plaintiff, who is currently housed at the Federal Correctional Institute in Jesup, Georgia, ("FCI Jesup"), submitted a Complaint in the above captioned action contesting certain conditions of his confinement. Presently before the Court is Plaintiff's Notice of Appeal and Motion for Leave to Appeal *In Forma Pauperis*. (Doc. Nos. 18, 19). Plaintiff seeks to appeal this Court's Order dismissing his claims for monetary damages against Defendants in their official capacities, Plaintiff's claims for punitive and compensatory damages brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and Plaintiff's

Eighth Amendment and Federal Tort Claims Act claims. (Doc. No. 16). That Order did not dispose of the entirety of Plaintiff's cause of action. Id.

## DISCUSSION

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Whitted v. Roberts, Case No. 06-CV-776-KDB, 2010 WL 2025391, at *1 (S.D. Ala. Apr. 27, 2010). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir.2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted).

For the reasons set forth in the Report and Recommendation and the Order adopting the same, Plaintiff's arguments that he seeks to raise on appeal are without merit. While Plaintiff states that other Courts of Appeals have found in his favor on the issues he seeks to raise, he admits that those arguments are foreclosed by binding Eleventh Circuit precedent. Consequently, the Court should **DENY** Plaintiff's motion for leave to appeal *in forma pauperis* because the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Additionally, Plaintiff seeks to appeal an interlocutory order that falls outside of the Court of Appeals' jurisdiction. Sims v. Marshall, No. CV107-011, 2007 WL 842052, at *1 (S.D. Ga. Mar. 16, 2007) (Courts of Appeals' jurisdiction "conferred and strictly limited by statute"). Pursuant to 28 U.S.C. § 1291, "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]" However, the Order which Plaintiff seeks to appeal only dismissed some of his claims. Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Therefore, Plaintiff cannot appeal the Order as a matter of right.

To the extent that Plaintiff seeks leave to appeal the interlocutory order, the Court should deny that request. "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable." Sims, No. CV107-011, 2007 WL 842052, at *1.

The Court did not include a Section 1292(b) certification in its February 19, 2016, Order. Nor should the Court do so retroactively. That Order does not "involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). Consequently, to the extent Plaintiff seeks certification for interlocutory appeal, the Court should **DENY** that request.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*, and **DENY** his putative request for a certificate to pursue an interlocutory appeal.

Moreover, even if Plaintiff were granted permission to proceed on appeal in forma pauperis, he would still be required to pay the appellate filing fee of $505.00.[1] Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to execute and return to the Clerk of this Court the CONSENT FORM which authorizes payment of the required $505.00 appellate filing fee from his prison account to the district court. The Clerk of Court is **DIRECTED** to include a copy of this form with Plaintiff's service copy of this Order.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and

---

[1] 28 U.S.C. § 1915(b)(1) could be read to require the assessment of appellate filing fees and the collection thereof from a prisoner's trust fund account at the time he files a notice of appeal or the consent to collection of fees. However, that statute provides for the collection of fees if a prisoner "files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). If the Court denies Plaintiff leave to appeal *in forma pauperis*, as this Report recommends, then it appears he has not "file[d] an appeal *in forma pauperis*." See 28 U.S.C. 1915(a)(3) ("[A]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.") Giving Plaintiff the benefit of the ambiguity, the Court should not assess the appellate filing fees unless this Court or the Court of Appeals grants Plaintiff leave to appeal *in forma pauperis* or unless the Court is otherwise directed to assess the filing fees by the Court of Appeals.

4

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA