# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| EDUARDO PEREZ, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-76 |
| | * | |
| v. | * | |
| | * | |
| HARRELL WATTS, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are several matters in need of this Court's resolution: 1) the Magistrate Judge's Report and Recommendation dated March 8, 2016, dkt. no. 24; 2) Plaintiff's Motion for Reconsideration of the Court's Order dated February 19, 2016, dkt. no. 22; and 3) Plaintiff's Motion for Preliminary Injunction, dkt. no. 29. As set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **DENIES** Plaintiff's Motion for Reconsideration and Motion for Preliminary Injunction.

**BACKGROUND**

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia, believes and practices the Santeria religion. Dkt. No. 1. Plaintiff alleges that

Defendants have deprived him of the ability to practice his sincerely held religious beliefs. Id.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 10. The Magistrate Judge assessed Plaintiff's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Id. In the resulting Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities and dismiss without prejudice Plaintiff's Bivens claims for punitive and compensatory damages. Id. at p. 5.

However, the Magistrate Judge found that Plaintiff's allegations arguably state colorable RFRA claims for injunctive relief against Defendants in their official capacities and for monetary damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 5-7. Additionally, the Magistrate Judge concluded that Plaintiff stated viable Bivens claims for injunctive relief against Defendants in their official capacities and for nominal damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 8-12.

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on January 25, 2016. Dkt. No. 14. On that same date, Plaintiff also moved to amend his Complaint. Dkt. No. 15. Plaintiff attached his proposed Amended Complaint to his Motion. Dkt. No. 15-1.

By Order dated February 19, 2016, the Court granted Plaintiff leave to amend. Dkt. No. 16. The Court also conducted an independent and *de novo* review of the entire record, including Plaintiff's Objections and Amended Complaint, and adopted the Magistrate Judge's December 31, 2015, Report and Recommendation as the opinion of the Court. Id. Thus, the Court dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities, Plaintiff's Eighth Amendment claims, and his Federal Tort Claims Act claims. The Court also dismissed, without prejudice, Plaintiff's Bivens claims for punitive and compensatory damages. Id. at pp. 16-17. On March 2, 2016, Plaintiff field a Notice of Appeal and a Motion for Leave to appeal *in forma pauperis*. Dkt. Nos. 18, 19.

**I.    The Magistrate Judge's March 8, 2016, Report and Recommendation**

Through his Notice of Appeal and Motion for Leave, Plaintiff seeks to appeal the Court's February 19, 2016, Order. That Order dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities, Plaintiff's claims for punitive and compensatory damages brought pursuant to

AO 72A
(Rev. 8/82)

3

Bivens, and Plaintiff's Eighth Amendment and Federal Tort Claims Act claims. Dkt. No. 16. However, the Order did not dispose of the entirety of Plaintiff's cause of action. Id. Thus, in his March 8, 2016, Report, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Leave to Appeal in Forma Pauperis and his putative request to pursue an interlocutory appeal. Dkt. No. 24. Plaintiff did not file any objections to that Report and Recommendation.

For the reasons set forth in the Magistrate Judge's Report and Recommendation, dkt. no. 24, the Court sees no basis to permit the rare step of an interlocutory appeal in this case. Consequently, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES** Plaintiff's Motion for Leave to Appeal in Forma Pauperis and his putative request for a certificate to pursue an interlocutory appeal.

## II. Motion for Reconsideration

As set forth above, the Court adopted the Magistrate Judge's initial Report and Recommendation as the opinion of the Court by Order dated February 19, 2016. Dkt. No. 16. That Order dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities, Plaintiff's Eighth Amendment claims, and his Federal Tort Claims Act claims. By that Order, the Court also dismissed, without prejudice, Plaintiff's Bivens claims for punitive and compensatory damages.

However, that Order did not dispose of the entirety of Plaintiff's claims.

Plaintiff requests that this Court reconsider certain facts which he claims the Court overlooked when dismissing his Eighth Amendment claims. Specifically, Plaintiff asserts that the Court has overlooked his claim that he is at risk of serious harm because he is housed with inmates who have hepatitis, Acquired Immune Deficiency Syndrome ("AIDS"), herpes, and tuberculosis. Dkt. No. 22, p. 1. Plaintiff maintains the Bureau of Prisons is not required to disclose which inmates have what diseases. In addition, Plaintiff contends Defendant Ken Harris acknowledged he "was aware the 'filters he provided were no (sic) functional[.]'" Id. at p. 2. Plaintiff asks that the Court reconsider its ruling and permit his Eighth Amendment claims to proceed. In addition, Plaintiff notes the Court's Order is silent as to whether his Eighth Amendment claims were dismissed with or without prejudice.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for

granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Plaintiff has failed to show the Court committed a manifest error of law in dismissing his Eighth Amendment claims or that he has newly-discovered evidence. The factual allegations that Plaintiff raises regarding his fellow inmates do not change the Court's analysis. Plaintiff has still failed to satisfy the objective component of an Eighth Amendment claim because he has not plausibly identified a sufficiently serious risk to his health or safety. Dkt. No. 16, p. 15. Moreover, even if Plaintiff had satisfied the objective component, he does not allege facts that could satisfy the subjective component. Additionally, Plaintiff did not include the allegation that he is at risk of serious harm because he is housed with inmates who have hepatitis, AIDS, herpes, and tuberculosis in his Complaint, Amended Complaint, or Objections. Accordingly, the Court did not "overlook" these factual allegations as Plaintiff contends. Plaintiff cannot raise these contentions for the first time via a Motion for Reconsideration. Thus, Plaintiff fails to show he is entitled to his requested relief. The Court **DENIES** Plaintiff's Motion

for Reconsideration, dkt. no. 22. The Court's Order dated February 19, 2016, remains the Order of the Court.

The Court does note, however, that Plaintiff's Eighth Amendment claims were dismissed <u>with</u> prejudice. <u>Marcus v. Postmaster General, United States Postal Service Southeast Area</u>, 461 F. App'x 820, 822-23 (11th Cir. 2011) (noting a district court's failure to specify whether the dismissal was with or without prejudice is interpreted as a dismissal with prejudice, unless the court could not have adjudicated the merits of a claim or otherwise dismiss the claim with prejudice). The Court conducted a merits-based evaluation of Plaintiff's Eighth Amendment claims and found that he failed to set forth any viable Eighth Amendment claim. Dkt. No. 16, pp. 13-16. In addition, the Court distinguished the dismissal of Plaintiff's <u>Bivens</u> claims for punitive and compensatory damages as being without prejudice.

## III. Motion for Preliminary Injunction

Plaintiff asserts he has shown a substantial likelihood of success on the merits of his remaining claims against Defendants, and the issuance of an injunction against Defendants is necessary to prevent irreparable injury. Dkt. No. 29, p. 11. Plaintiff maintains that Defendants continue to infringe on his First Amendment right to practice his religion, and he has no other means by which to exercise his religion.

Rule 65 of the Federal Rules of Civil Procedure directs courts in the issuance of preliminary injunctions. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order

is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

In balancing these four factors, "while the likelihood of success is generally the most important," a court may employ a "sliding scale" by "balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits." Cent. Ala. Fair Hous. Ctr. v. Magee, No. 2:11-cv-982, 2011 WL 5878363, at *1 (M.D. Ala. Nov. 23, 2011) (citing Fla. Med. Ass'n, Inc. v. United States Dep't of Health, Educ. & Welfare, 601 F.2d 199, 203 n.2 (5th Cir. 1979)). Thus, the greater the potential harm, the lower the likelihood of success needs to be. Id. Accordingly, where the "balance of equities weighs heavily in favor of granting the injunction, the movant need only show a substantial case on the merits." Gonzalez ex rel. Gonzalez v. Reno, No. 00-11424, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)).

Here, Plaintiff fails to show he has a substantial likelihood of success on the merits of his case. In addition, though Plaintiff states he will suffer irreparable injury in the absence of an

injunction, he does not specify what that injury is. The Court need not engage in a balancing test of these factors, as Plaintiff does not meet his burden. Accordingly, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction, dkt. no. 29.

## CONCLUSION

For the above-stated reasons, the Court the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Reconsideration, Motion for Leave to Appeal *in Forma Pauperis*, and his Motion for Preliminary Injunction.

**SO ORDERED**, this 10 day of May, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA